Per Curiam.
—The decision directing the reversal of the judgment and a new trial proceeded upon the ground that the contents of a letter, written by the defendant, had been *565 erroneously received by the referee upon the trial, and the motion for the reargument of the appeal has been made for the alleged reason that the court misapprehended the effect of the evidence, tending to show that the letter was in the possession of the defendants, who failed to produce it after notice was given requiring its production. But a further examination of the proof in the case establishes the conclusion that there was no misapprehension as to the insufficiency of the evidence upon which the contents of the letter were received. For it nowhere appears by the case that this letter had passed into the possession of the defendants.
It was shown that the copies of letters inclosed with it, went into their possession and they or a portion of them were produced upon the trial, but the letter, proof of whose contents were taken by the referee, at no time appears to have passed out of "the possession or control of Alexander Ehind, the person by whom it was received. The witness who saw the letter and stated it contents, testified that he could not tell whether it had been filed away or not, and when it was shown to the plaintiff that was done by Alexander Ehind to whom it was written. The copies of letters inclosed with this letter were filed at the store and remained there down to the change which was made in March, 1883. And if this letter had passed out of the possession of Alexander Ehind, it is probable that it would have been found with the copies inclosed in it to him. The fact that it was not so found, but at all times when it made its appearance it was in his possession or subject to his control, sustains the conclusion that he retained the letter which had been written to him for his guidance and that only the copies which were inclosed to explain the delay in the delivery of the goods were intended to be used by him and were used, in the business carried on at the store. This proof fell far short of the requirement of the rule prescribing the cases in which secondary evidence may be given of a written instrument. There was no good reason for supposing that the letter which has been written to Alexander Ehind himself, went with the contents of the store afterwards into the possession of the defendants. But the presumption from the facts as they were disclosed was, that he retained this letter in his possession, and subject to his control at all times, as that was its condition whenever the evidence referred to its presence.
The objection was not generally to the admisssion of proof of its contents, but it was objected to as being irrelevant, and not the best evidence. The latter part of the objection clearly suggested that the case was not in a con *566 dition in which proof of the contents should be received. And as this objection was improperly overruled, the decision has rightly directed a new trial of the action and the motion for a re-argument must be denied, with costs.